UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA
Plaintiff

CASE NO: 00-6162-CR-ROETTGER

vs.

EARL PARKER, et al,
Defendant. /

### NOTICE OF DEFENDANT'S INTENT TO
### PARTICIPATE IN DISCOVERY & DEMAND FOR DISCOVERY

COMES NOW, the Defendant by and through undersigned counsel, and pursuant to Rules 3.220 and 3.220(b)(1), Florida Rules of Criminal Procedure and hereby serves notice of his intent to participate in discovery and hereby makes demand upon the State of Florida to disclose to counsel for the Defendant and permit said counsel to inspect, copy, test and photograph the following information and material within the State's actual or constructive possession or control:

1. A complete list of names and addresses of all persons known to the prosecutor to have information which may be relevant to the offense charged, and to any defense with respect thereto, regardless of whether the State intends to call said persons at the time of trial or any hearings in the instant case.

2. The "statement" of any person whose name is furnished in compliance with the preceding paragraph, as said term is defined by Rule 3.220 and case decisions interpreting said Rule. The Defendant specifically demands disclosure of all statements, affidavits, transcripts and/or writings of testimony under oath upon which the above-styled (Indictment/Information) is based and upon which the probable cause for the detention of the Defendant has been determined.

3. Any written or recorded statements and the substance of any oral statements made by the Defendant and known to the prosecutor, together with the name and address of each witness to the statements.

4. Any written or recorded statements and the substance of any oral statements made by a co-defendant if the trial is to be a joint one.

*Law Offices of Steven H. Kassner*
815 PONCE DE LEON BLVD, SUITE 303 • CORAL GABLES, FLORIDA 33134 • TELEPHONE: (305) 461-2744

United States v. Earl Parker, et al
Case No.: 00-6162-CR-Roettger

5. Those portions of recorded grand jury minutes that contain testimony of the Defendant.

6. Any tangible papers or objects which were obtained from or belonged to the Defendant.

7. Whether the State has any material or information which has been provided by a confidential informant.

    a.) Please disclose what material or information has been provided by a confidential informant.

    b.) Please disclose the names and addresses of all confidential informants involved in the instant case or, in the alternative, state specifically the grounds relied upon for non-disclosure.

    c.) Please disclose how the confidential informant has been involved in the instant case and how the confidential informant has worked with the police against the Defendant.

    d.) Please disclose whether the confidential informant has a past criminal record, including all arrests, and whether said informant is now or ever has been a user of narcotic or hallucinogenic drugs.

    e.) Please disclose the number of cases in which the confidential informant has participated in the past.

    f.) Please disclose the number of convictions and acquittals resulting from said cases.

8.) Whether there has been any electronic surveillance, including wire - tapping, of the premises of the Defendant, or of conversations to which the Defendant was a party, and, any documents relating thereto.

    a.) Please disclose the contents of said conversations.

    b.) Please disclose all documents relating to said electronic surveillance, including, but not limited to, all applications for court orders, supporting exhibits, inventories, surveillance logs, police reports and the names and addresses of all persons who conducted said surveillance.

United States v. Earl Parker, et al
Case No.: 00-6162-CR-Roettger

9.) Whether there has been any search or seizure and any documents relating thereto.

A. Please disclose when, where and under what circumstances the search and seizure was conducted.

B. Please disclose any documents relating thereto including, but not limited to, search warrants and affidavits and exhibits in support thereof, consent forms, property receipts and inventories reflecting material seized, and police reports relating to the performance of the search or seizure.

10.) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific test, experiments or comparisons.

11.) Any tangible papers, documents, notes, or objects which the prosecuting attorney does not intend to use in the hearing or trial, but which the state's witness may use to refresh their recollection prior to testifying.

12.) Any tangible papers or objects which the prosecuting attorney intends to use in the hearing or trial and which were not obtained form or belonged to the Defendant.

13.) As soon as practicable after the filing of the Indictment/Information the prosecutor shall disclose to the defense counsel any material information within the State's possession or control which tends to negate the guilt of the Defendant as to the offense charged or mitigate the punishment that could be imposed.

14.) Please disclose to and permit defense counsel to inspect and copy or photograph certain records which are in the possession of the State of Florida, or to which the State has access, to wit:

A. The police arrest report and incident report filed by all police officers who participated in the arrest of the Defendant in this case.

B. The police complaint form filed by the police officer who received the original complaint of the alleged crime from any complaining witness in this case.

C. The arrest and/or criminal conviction record of the Defendant, if any.

United States v. Earl Parker, et al
Case No.: 00-6162-CR-Roettger

---

D. The arrest and/or criminal conviction records, if any, of the witnesses that the State of Florida intends to call at the trial in this case.

E. Any police line-up sheet relating to any line-up which may have been held in reference to this case.

F. The police booking sheet indicating the exact date, time, charge and other relevant data contained therein with reference to the arrest of the Defendant in this case.

The Defendant respectfully requests that copies of the written material and information demanded pursuant to the foregoing paragraphs be attached to the State's discovery response as said method of disclosure should be mutually agreeable to defense counsel and the prosecutor.

The Defendant requests the State to file and serve defense counsel with a written discovery response which specifically, individually and completely responds to each of the aforementioned discovery requests. Should the State claim reasons, grounds, exceptions or privileges that authorize non-disclosure, same should be specifically stated and the factual basis professed so that issues may be clearly joined for future litigation.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered to the United States Attorney's Office, Kathleen Rice, AUSA and Theresa M.B. Van Vliet, 500 East Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33394, this 20 day of June, 2000.

Respectfully Submitted,

LAW OFFICES OF STEVEN H. KASSNER
815 Ponce De Leon Boulevard
Coral Gables, Florida 33134
Telephone (305) 461-2744

By: _____
Steven H. Kassner, Esq.
Fla. Bar No. 372331